IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL N. SOSA,

        Plaintiff,

v.                                                                      No. 16cv218 WJ/GJF

STATE OF NEW MEXICO
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 23, 2016 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 23, 2016 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

>if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his monthly income is $738.00 in disability; (ii) his monthly expenses are $212.00; (iii) he is unemployed; and (iv) he has no assets. The Court finds that Plaintiff is unable to pay the filing fee because of his low monthly income and because he is unemployed.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

2

would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

> The only facts alleged in Plaintiff's Complaint are:
>
> I have had issues with my state coverage since December 2002. There have been multiple times that I have attempted to seek medical care, just to be advised that I do not have coverage. In some of these moments, I need to pay for expenses out of pocket.
>
> Since December 2002 there has been an issue with my Medicaid coverage. Both the State of Texas and New Mexico claim there are no issues and that I do have coverage but when I go for doctor or dental visits, I am advised that there is no coverage.
>
> Due to the coverage issue, I have had to pay for medical expenses out of pocket. In November of 2015, I had to go to Mexico for dental work. I had to pay $370 in transportation to Mexico. For the dental work I paid $670 out of pocket.

Complaint at 2-3.

Plaintiff's Complaint fails to state a claim. To state claim for relief under § 1983, a complaint must allege sufficient facts to show that plaintiff has been deprived of rights, privileges, or immunities secured by the Constitution and laws of the United States and that defendant acted under color of state law. *See* 42 U.S.C. § 1983. The only defendant named in this case is the State of New Mexico Department of Health and Human Services ("State"). The only factual allegation regarding the State's actions is that the State claims "there are no issues and that [Plaintiff has] coverage." Complaint at 3. There are no specific facts showing that the State deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Furthermore, Plaintiff does not identify the State officials that allegedly deprived him of a right, does not identify the right that the State allegedly deprived Plaintiff of or the federal law that was allegedly violated, and does not identify the relief he is seeking.

The Court will dismiss the Complaint for failure to state a claim. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

The Court notes that Plaintiff did not sign his Complaint as required by Rule 11(a). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). If Plaintiff files an amended complaint, he must sign the amended complaint. *See* Fed. R. Civ. P. 11(a) ("The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides

that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. Plaintiff's Complaint is deficient because Plaintiff has not included the Defendant's address, which is required to serve process. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 23, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 23, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**